IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERTO CABA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-082 |
| | ) | |
| THE UNITED STATES OF AMERICA and | ) | |
| WALT WELLS, Warden,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[2]

## I. BACKGROUND

Petitioner was convicted in the United States District Court for the Middle District of Florida of conspiracy to possess cocaine with the intent to distribute. (Doc. no. 1, p. 1.) On February 17, 2010, he was sentenced to 11 months of imprisonment, followed by four years

---

[1] In as much as Petitioner seeks transfer from confinement at MCF, the proper party respondent in this action should be Petitioner's immediate custodian, in this case Walt Wells, Warden at McRae Correctional Facility. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to add "Walt Wells, Warden" as a respondent in this case.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

of supervised release. (Id.)

The Bureau of Prisons ("Bureau") has assigned Petitioner to MCF. On June 29, 2010, the Bureau sent a "Detainer Action Letter" to the Bureau of Immigration and Customs Enforcement ("BICE"). (Id. at 2 & Ex. A.) In the letter, the Bureau indicated that it had been notified of Petitioner's possible deportation following his release from custody, and requested that BICE either advise the Bureau of its desire to have a detainer placed on Petitioner or indicate that it has no further interest in Petitioner. (Id.) Petitioner maintains that no actual detainer has been lodged against him by BICE, and it appears from his petition that BICE has not responded to the Detainer Action Letter. (Id.) On July 13, 2010, the Bureau modified Petitioner's security classification by assigning him a Public Safety Factor ("PSF") of "Alien." (Id. at 2.)

Petitioner's primary contention is that the Bureau improperly assigned Petitioner a PSF of "Alien." (Id. at 1-3.) According to Petitioner, his security classification is improper because his offense does not make him a "removable alien" under 8 U.S.C. § 1227. (Id. at 2.) Petitioner also asserts that his PSF of "Alien" should be removed because BICE has not lodged an actual detainer against him, and the Bureau's security classification is based on an improper assumption that a detainer will be lodged against him in the future. (Id. at 3.) In addition, Petitioner argues that his improper security classification has deprived him of eligibility for certain federal pre-release programs, such as "Home Detention" and "Halfway Houses." (Id.) Petitioner further alleges, without elaboration, that his custodians' actions are in violation of 8 C.F.R. § 287.7(d), which authorizes the temporary detention of an alien not otherwise detained by a criminal justice agency for up to 48 hours upon a determination to issue a

2

detainer.

## II. DISCUSSION

### A. Proper Respondent

Petitioner named the United States of America as a Respondent in this case. However, the United States is not a proper respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at MCF, is the proper Respondent. Therefore, the the United States of America should be dismissed from this case.

### B. Improper Challenge to Conditions of Confinement

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which provides for relief only if the prisoner is "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for habeas corpus can only be used to challenge the fact or duration of a prisoner's confinement, not the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (holding that the sole function of habeas corpus "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose"), *revised by* 596 F.2d 658 (5th Cir. 1979).[3]

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed

3

Here, Petitioner's allegations relate to his security classification – specifically, they relate to the Bureau's imposition of a PSF of "Alien." Such allegations challenge the conditions, rather than the fact or duration, of Petitioner's confinement. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (describing "prisoner classification" as one of the "conditions of confinement" that fall within the discretionary control of federal prison officials). Petitioner has not shown that his security classification or PSF have any effect on the duration of his confinement.[4] In other words, relief in Petitioner's favor would not entitle him to immediate or accelerated release, but would merely result in a modification of his security classification. See Preiser, 411 U.S. at 484; Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (holding that habeas relief is improper "[i]f a favorable determination would not automatically entitle [the prisoner] to accelerated release"). Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal

---

down prior to the close of business on September 30, 1981.

[4]Petitioner's argument that his custodians have acted in contravention of 8 C.F.R. § 287.7(d), which authorizes the temporary detention of aliens under certain conditions, does not suffice to challenge the duration of his confinement. Petitioner does not allege that he has actually been, or will be, detained pursuant to this provision; in fact, he in no way explains how the prison authorities at MCF have acted pursuant to or in violation of this provision.

Petitioner's argument that his security classification has rendered him ineligible for institutional programs is also insufficient in this regard, as participation in such programs, along with transfer to a community confinement center or halfway house, does not result in shortening the duration of an inmate's confinement, but rather results in a modification of the conditions and location of such confinement. See Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004) (holding that § 2241 is not the appropriate vehicle for a challenge to the Bureau's decision as to where a prisoner is to be confined); cf. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (denying claim for habeas relief brought under 28 U.S.C. § 2254 because, "[w]hen an inmate challenges the 'circumstances of confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action . . . .").

4

Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition.[5] Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.[6]

## C. Merits of Petitioner's Claims

In addition to the reasons for dismissal discussed above, Petitioner's claims lack merit on their face. Federal prisoners do not possess a liberty interest in their prisoner classification. Moody, 429 U.S. at 88 n.9. Nor do they possess a liberty interest in institutional programs. Id.; Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs). Likewise, courts have held that prison officials do not offend equal protection principles by excluding prisoners from such programs because of their security classification. See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999).

In order to obtain relief under § 2241, Petitioner must establish that his custody is in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241. Therefore, the instant petition is deficient in that it fails to set forth allegations capable of giving rise to a violation of Petitioner's constitutional rights, and Petitioner has not shown that his allegedly improper security classification has resulted in custody that is otherwise in

---

[5]Even if Petitioner had filed under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), he still might not be entitled to relief in federal court. See Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (holding that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available).

[6]Courts in other circuits have similarly concluded that challenges to security classifications and/or PSFs do not form a basis for relief under 28 U.S.C. § 2241. See, e.g., Morrison, 191 F. App'x 606 (9th Cir. 2006); Pawlik v. Young, Civil Action No. 09-1860, 2010 U.S. Dist. LEXIS 58176 (W.D. La. May 19, 2010), aff'd 2010 U.S. Dist. LEXIS 58064 (W.D. La. June 10, 2010).

violation of federal law.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the United States of America be **DISMISSED** from this case, that the petition filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE